IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BEVERLY J. FALKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 13-2462-JDT-cgc |
| | ) |
| METRO/ADVANTAGE CAB and its Owners, | ) |
| | ) |
| Defendants. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Beverly J. Falkner, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on June 25, 2013, and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Charmiane G. Claxton subsequently granted leave to proceed *in forma pauperis*. (ECF No. 11.) On February 4, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") in which she recommended the case be dismissed *sua sponte*. (ECF No. 22.) Objections to the R&R were due within 14 days, on or before February 23, 2015. *See* Fed. R. Civ. P. 72(b)(2), *see also* Fed. R. Civ. P. 6(1)(a), (d). However, Plaintiff has filed no objections.

This case appears to be merely a refiling of case number 12-2415-STA-tmp, which Plaintiff filed on May 30, 2012.[1] That prior case was dismissed by United States District Judge S. Thomas Anderson on March 28, 2013, on the ground Plaintiff had identified no basis for either federal

---

[1] Magistrate Judge Claxton noted the only differences in the two complaints are that in the present case, Angel Carriers and Its Owners were removed as defendants, various typographical errors and omissions were corrected, a paragraph referring to Angel Carriers was stricken, and the ad damnum clause was modified. (ECF No. 22 at 1-2.)

question jurisdiction or diversity jurisdiction. Magistrate Judge Claxton has recommended the present complaint be dismissed for the same reasons. The Court agrees with the Magistrate Judge's recommendation. Once again, Plaintiff has not demonstrated that there is either federal question jurisdiction or diversity jurisdiction in this case. Therefore, the Court ADOPTS the R&R and hereby DISMISSES this case for lack of subject matter jurisdiction.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for lack of subject matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

2

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE